UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAYLOR McFADDEN, on behalf of
himself and others similarly situated

       Plaintiff,                      Case No.:

vs.

SHAAY LLC, d/b/a MARCOS PIZZA
and AMAN PATEL, individually,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAYLOR McFADDEN ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this action for minimum wage compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against SHAAY LLC, d/b/a MARCOS PIZZA (the "Company"), a Florida limited liability company, and AMAN PATEL, individually ("PATEL") and (collectively "Defendants") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages and an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

**PARTIES**

4. Plaintiff McFadden worked for Defendants as a pizza delivery driver from February 2014 until November 2015. Mr. McFadden worked at two locations located in Pasco County, Florida.

5. Defendant, SHAAY LLC, is a Florida limited liability company licensed to do business in Florida, that operates and conducts business in, Pasco County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times relevant to this action, Defendant, AMAN PATEL was a resident of the State of Florida, who owns and operates the Company and who regularly exercised the authority to: (a) hire and fire employees of the Company; (b) determine the work schedules for the employees of the Company; and (c) control the finances and operations of the Company and (d) dictate and implement the company's pay practice. By virtue of having regularly exercised that authority on behalf of the Company, PATEL is an employer as defined by 29 U.S.C. § 201, et seq.

**STATEMENT OF FACTS**

7. This action is brought under the FLSA to recover from Defendants minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. At all material times relevant to this action, the Company was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

10. Defendants operate a pizza restaurant and delivery business in and around Pasco County and surrounding counties. Defendants employed delivery drivers, including Plaintiff, all of whom have the same job duties - to deliver pizzas and other food and beverages to customers.

11. At all material times relevant to this action, Defendants had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendants' employees handle and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendants handle or work with goods that have been moved or produced for commerce such as food products, tools and other items which originated from outside the state of Florida.

12. As a pizza delivery driver who never left the state of Florida, Plaintiff was not exempt from the minimum wage requirement of the FLSA.

13. Delivery drivers were required to work inside the restaurant at some times and work as delivery drivers at other times. At all times relevant hereto, delivery drivers were only paid $5.00 per hour, the applicable tipped minimum wage or other sub-minimum wage regardless of whether they worked in the restaurant or were delivering pizzas.

14. When Mr. McFadden and other employees worked in the store, they performed tasks such as answering phones, making pizzas and cleaning. The work performed was "non tipped" work for which Mr. McFadden and other employees should have received the minimum wage.

15. During Mr. McFadden's tenure as an employee of Defendant, he consistently worked approximately thirty to thirty five hours per week, with his time split between delivery driving and working in the restaurant.

**Defendant's Policy of Systematically Under-Reimbursing Delivery Drivers**

16. Defendants required their delivery drivers to maintain and pay for their own safe, legally-operable, and insured automobiles, which they are required to use when performing their duties as delivery drivers.

17. These delivery drivers incur costs for gasoline, vehicle parts and fluids, automobile repair and maintenance services, elevated automobile insurance, and depreciation (collectively, "vehicular expenses") while delivering food and beverages for the primary benefit of Defendant.

18. Defendants did not track the vehicular expenses incurred by their drivers.

19. Defendants reimbursed their delivery drivers at a rate of $1.00 per delivery or less.

20. This reimbursement rate is applied to all deliveries, regardless of the actual distance driven by the delivery driver. Defendants do not reimburse their delivery drivers in any way for unsuccessful deliveries.

21. Plaintiff and other drivers drove approximately 5 miles per delivery, so the $1.00 reimbursement rate is approximately 20 cents per mile ($1.00 divided by 5 miles equals 20 cents per mile).

22. The IRS business mileage reimbursement rate has exceeded that rate for every year since 1982.

23. From 2013 through the present, the IRS business mileage reimbursement rate has ranged between $.565 and $.585. Similarly, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association, have determined that the average cost of owning and operating a vehicle ranged between $.585 and $.75 per mile from 2014 to present.

24. The above-referenced mileage reimbursement rates represent a reasonable approximation of a monetary average per mile that is lower than the actual cost incurred by delivery drivers. Delivery drivers incur higher expenses than other business drivers because their profession often requires them to drive more than 100 miles per day, to frequently navigate in start and stop traffic, to drive to and from locations on tight schedules, and to drive during late hours and in inclement weather. As a result, delivery drivers' vehicles are subjected to more frequent routine maintenance costs, higher costs due to repairs associated with driving, lower gas mileage, and more rapid depreciation because of the frequency and manner with which they are driven.

25. Insurance providers recognize the relative hazards of working as a pizza delivery driver. Not surprisingly, pizza delivery drivers pay significantly higher automobile insurance

rates than do regular drivers, and some pizza companies even provide their drivers with automobile insurance coverage. Defendant does not provide insurance for its drivers.

26. Mr. McFadden drove several vehicles while working for Defendant. Based on the miles he drove, and vehicle expenses he occurred, Mr. McFadden's costs of operating his vehicles greatly exceed the 20 cents per mile he was effectively paid as reimbursement.

27. The overall depreciation and wear-and-tear on vehicle parts that have not yet manifested in larger repairs on Plaintiff's vehicles, coupled with the cost of insurance, increase the cost per mile of operating these vehicles over and above the 20 cents per mile paid and are sufficient to place the cost of owning and operating these vehicles for Defendants' benefit within or above the range found by the IRS. The IRS rate represents a reasonable low-end approximation of the cost of owning and operating a vehicle to deliver pizzas and other food and beverages.

28. During a typical hour, Mr. McFadden and his colleagues drove approximately 20 miles and made 4 deliveries. Using the IRS's 2014 mileage reimbursement rate of $.56 per mile, Plaintiff and his colleagues are entitled to approximately $11.10 per hour for reimbursement purposes (20 miles multiplied by 56.5 cents per mile equals $11.30). However, Defendant reimbursed at a rate of only approximately $4.00 per hour (4 deliveries multiplied by $1.00 equals $4.00).

29. As a result, Plaintiff and his colleagues are systematically under-reimbursed by a rate of approximately $7.30 per hour ($11.10 minus $4.00 equals $7.10). Because Defendant paid Plaintiff and their other delivery drivers the minimum wage, Defendant is systematically under-paying their delivery drivers by approximately $7.30 per hour.

30. Defendant has failed to use the standard IRS mileage rate for their delivery drivers (while using it for their executives), have under-reimbursed Mr. McFadden and all other delivery drivers in the manner just described, thereby under-paying their delivery drivers.

31. Defendants' reimbursement rate does not reasonably reimburse its delivery drivers for their out-of-pocket expenses, much less other costs they incur to own and operate

5

their vehicle, and thus uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants benefit.

32. Defendants' systematic failure to adequately reimburse delivery drivers for their automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay and have paid to Mr. McFadden and other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

33. Regardless of the precise amount of the per-mile reimbursement, Defendants unquestionably fail to reasonably approximate the amount of its drivers' vehicular expenses to such an extent that its drivers' wages are diminished well beneath the minimum wage required by Florida law.

34. Mr. McFadden has been paid at or very near to the hourly minimum wage set by the State of Florida for his entire tenure as a delivery driver.

35. Florida's hourly minimum wage was $7.93 in 2014 when Mr. McFadden started. It has regularly increased since then and is currently set at $8.10 per hour.

36. Florida's minimum wage for tipped employees is currently $5.08 per hour, provided that the employee makes $3.02 or more in hourly tips.

37. Mr. McFadden and other delivery drivers have been designated as tipped employees while serving as delivery drivers since Mr. McFadden began his employment with Defendants.

38. At all times relevant, the amount of the under reimbursement was sufficient to ensure that Mr. McFadden and his colleagues were paid below the Federal minimum wage. Defendant therefore has violated the Florida Constitution by failing to ensure that its drivers received the minimum wage free and clear of kickbacks or business related expenses.

### The Company's Practice of Keeping Cash Tips Received in the Restaurant Invalidates the Tip Credit In Violation of the Florida Constitution

39. For the time drivers spent working in the store, Defendants took a "tip credit"

from Plaintiff's wages, paying Plaintiffs less than minimum wage.

40. Pursuant to Florida Stat. 448.10 and Art X, Sec. 24(c) of the Florida Constitution, a tip credit exemption from Florida's minimum wage requirements may only be taken when the employer is otherwise eligible to do so under the FLSA.

41. Defendant's practice of keeping cash tips earmarked for employees working in the store invalidates the tip credit in violation of the FLSA and Art X, Sec. 24(c) of the Florida Constitution.

42. Defendant's practice of paying employees the tipped minimum wage for non-tipped work invalidates the tip credit in violation of the FLSA and Art X, Sec. 24(c) of the Florida Constitution.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE

43. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1- 42 above as if stated fully herein.

44. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

45. At all relevant times, Defendants employed Plaintiff.

46. Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

49. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

51. As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of minimum wage pay for the hours worked by him but for which Defendants failed to pay him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT II

## FAILURE TO PAY MINIMUM WAGE – COLLECTIVE ACTION

52. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1-42 above as if stated fully herein.

53. At all times material, Defendants employed other pizza delivery drivers who were similarly situated to Plaintiff because they had the same job duties.

54. Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

55. Specifically, Defendants failed to pay such similarly situated individuals the minimum wage required pursuant to the FLSA.

56. Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

57. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

58. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of minimum wage pay for the hours worked by individuals similarly situated to Plaintiff, but for which Defendants failed to pay individuals similarly situated to Plaintiff liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 3rd day of February, 2017.

    MORGAN & MORGAN, P.A.

    **/s/ Marc R. Edelman**
    MARC R. EDELMAN, ESQ.
    Fla. Bar No. 0096342
    Morgan & Morgan, P.A.
    201 N. Franklin Street, #600
    Tampa, FL 33602
    Telephone 813-223-5505
    Fax: 813-257-0572
    Email: Medelman@forthepeople.com
    Attorney for Plaintiff